IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACOB A. BUCKINGHAM,**<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>**KERN COUNTY,**<br><br>　　　　　　　　Respondent. | Case No. 1:16-cv-00296 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES OR FAILURE TO STATE A COGNIZABLE CLAIM** |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an August 19, 2014 conviction from the Kern County Superior Court for driving under the influence and proximately causing bodily injury; driving under the influence with a blood-alcohol of greater than 0.08 percent and causing injury; driving on a suspended license; and misdemeanor child endangerment. Petitioner claims that his sentence was illegally enhanced under California law. (Pet.) In an attempt to exhaust his claims, Petitioner states that he appealed the conviction to the Fifth District Court of Appeal. However, he does not state that he sought review from the California Supreme Court. (Pet.)

1

I. **DISCUSSION**

A. **Exhaustion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that

2

>exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

>Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented any of the claims set forth in the petition to the highest state court, the California Supreme Court.

Petitioner must inform the Court if, in fact, the claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court.

### B. Failure to State a Cognizable Claim

Further, it appears that the instant petition must be dismissed because it does allege a violation of federal law.

Federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see also Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding claim that offense did not constitute a "serious felony" was not cognizable on federal habeas review because it "is a question of state sentencing law"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).

Petitioner has not alleged that the state sentencing errors resulted in the violation of his federal due process rights. Based on the claims presented, Petitioner has not made a showing that he is entitled to federal habeas corpus relief.

## II. ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for his failure to exhaust state remedies or state a cognizable claim. Petitioner is ORDERED to inform the Court if the claims have been presented to the California Supreme Court and state how his claims implicate federal law, all within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of

1 the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   March 4, 2016        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE